Chicago Title and Trust Company, Appellee, v. Benjamin Moore and Company et al., Appellants.

Gen. No. 37,452.

Opinion filed November 5, 1934.

ENGLAND & O'TOOLE, for appellant Benjamin Moore & Co.

BENJAMIN E. COHEN, for appellant Albert J. Horan.

GEORGE GILLETTE and EDMUND J. REYNOLDS, for appellee; HAROLD L. REEVE, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The Chicago Title and Trust Company, as trustee, the owner of a piece of real estate in Cook county, filed its bill to restrain the levying of an execution on the real estate. The execution was issued on a judgment entered in the municipal court of Chicago in favor of Benjamin Moore & Co. against the Casa Bonita Building Corporation. A general demurrer which was filed to the bill was overruled, defendants elected to stand by the demurrer, and a decree was entered in accordance with the prayer of the bill, and the defendants appeal.

The record discloses that on October 27, 1928, judgment by confession was entered in the municipal court of Chicago in favor of Benjamin Moore & Co., against the Casa Bonita Building Corporation for $5,133.34. Afterward the judgment, on motion, was opened up and leave given to defend. The defendants filed their affidavit of merits and there was a trial before the court without a jury which resulted April 27, 1929, in a finding and judgment in defendants' favor and plaintiff appealed to this court. Upon consideration by this court, the judgment was reversed and the cause remanded January 27, 1930. (*Benjamin Moore & Co. v. Casa Bonita Bldg. Corp.*, 255 Ill. App. 638.) Afterward, November 23, 1931, there was a retrial of the case and a finding and judgment in plaintiff's favor for $5,950. March 23, 1932, an order was entered by

the municipal court which purported to correct its judgment of November 23, 1931, and to confirm the judgment for $5,133.34 of October 27, 1928.

October 27, 1928, when the judgment by confession was entered against the Casa Bonita Corporation, as above stated, the Casa Bonita Corporation owned the real estate involved in this suit. December 16, 1929, the Casa Bonita Corporation conveyed the property to Philip Banovitz, and by other mesne conveyances the title was conveyed to plaintiff January 27, 1932.

It is complainants' contention that the lien of the judgment on the property in question was removed April 27, 1929, when the court first heard the case on its merits and found against the plaintiff. On the other hand, it is the contention of plaintiff that the judgment entered by confession October 27, 1928, was confirmed March 23, 1932, and this revived the judgment against the property and it could not be conveyed free of the lien.

After the judgment was opened up and defendants given leave to plead, they filed their affidavit of merits and there was a hearing which resulted in defendants' favor. The judgment of $5,133.34, entered by confession, was "vacated and set aside and for naught esteemed, and the plaintiff take nothing by this suit, and that the defendant have and recover of and from the plaintiff the costs by the defendant herein expended and that execution issue therefor."

We think it obvious that this judgment wiped out the judgment theretofore entered by confession, that it was no longer a lien on the property, and that the conveyance of the property was free and clear of the lien. 2 Freeman on Judgments, 5th Ed. p. 2079. A lien of a judgment upon lands is conferred by statute. *Green v. Marks,* 25 Ill. 221. Sec. 1, chap. 77, Cahill's 1933 Statutes, provides that a judgment of a court of record on land not registered under the Torrens

Act shall be a lien on the real estate of the person against whom it is obtained within the county for which the court is held, from the time the judgment is rendered or revived. As stated, the judgment of April 27, 1929, specifically vacated and set aside the judgment by confession entered October 27, 1928, and judgment was entered in favor of the defendants. This wiped out the judgment by confession, and the fact that an appeal was prosecuted and a subsequent trial had did not affect the transfers of the real estate which were made in good faith in the interim. The parties had the right to rely upon records, and the record showed there was no judgment against the property because there was no judgment against the owner of it, the Casa Bonita Corporation, when it conveyed the property to Banovitz.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

McSURELY and MATCHETT, JJ., concur.